NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-1361

STATE OF LOUISIANA

VERSUS

SIMCOE COLE
AKA SIMCO W. COLE

**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 136306
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE
**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

SENTENCE VACATED AND REMANDED.

Michael Harson
District Attorney, Fifteenth Judicial District
Allan P. Haney
Assistant District Attorney
P.O. Box 3306
Lafayette, LA 70502-3306
(337) 232-5170
COUNSEL FOR APPELLEE:
        State of Louisiana

Edward John Marquet
Louisiana Appellate Project
Post Office Box 53733
Lafayette, LA 70505-3733
(337) 237-6841
COUNSEL FOR DEFENDANT/APPELLANT:
        Simcoe Cole

**PICKETT, Judge.**

## FACTS

The defendant, Simcoe Cole AKA Simco W. Cole, was found guilty of armed robbery and sentenced to serve ten years at hard labor, without benefit of probation, parole, or suspension of sentence. The defendant was subsequently adjudicated a fourth felony offender pursuant to La.R.S. 15:529.1 and sentenced to serve ten years at hard labor.

This court affirmed the defendant's conviction and original sentence in *State v. Cole*, 12-1039 (La.App. 3 Cir. 4/24/13) (unpublished opinion). In *State v. Cole*, 12-1404 (La.App. 3 Cir. 4/24/13), __ So.3d __, this court vacated the defendant's habitual offender sentence and remanded the matter to the trial court for compliance with the mandates of La.R.S. 15:529.1 or for the articulation of specific reasons why a sentence below the mandatory minimum was constitutionally required.

At a hearing held on June 27, 2013, the trial court sentenced the defendant to serve twenty years at hard labor. The defendant filed a motion for appeal on July 3, 2013, and the motion was subsequently granted. The defendant is now before this court asserting one assignment of error. Therein, he contends the trial judge mistakenly interpreted this court's remand for re-sentencing as an order that he must impose the mandatory minimum sentence of twenty years.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## ASSIGNMENT OF ERROR

In his only assignment of error, the defendant contends that the sentencing judge mistakenly interpreted this court's remand for resentencing as an order that he must impose the mandatory minimum sentence of twenty years, a doubling of the original sentence.

The defendant was adjudicated a fourth habitual offender. At the original habitual offender hearing, he offered evidence in favor of a downward departure from the mandatory minimum sentence of ninety-nine years. After hearing the evidence, the trial court sentenced the defendant to serve ten years at hard labor. The state appealed, alleging that the trial court erred in sentencing the defendant to an illegally lenient sentence well below the mandatory ninety-nine years mandated by La.R.S. 15:529.1.

This court noted the defendant was subject to a sentence of ninety-nine years to life as a fourth offender. *Cole*, 12-1404 at 4. This court stated:

> After a thorough review, we find the record and the jurisprudence supports the sentencing judge's conclusion that there were several factors which clearly and convincingly established Defendant was exceptional, and, due to the particular circumstances of his case, the legislature failed to fashion a meaningful sentence to match the culpability of the offender and the gravity of the offenses.

*Id.* at 6. This court further stated: "we find no error on the part of the sentencing judge in concluding Defendant put forth clear and convincing evidence that would justify a downward departure." *Id.* at 8. However, the trial judge failed to "articulate specific reasons as to why he found the mandatory minimum sentence was not appropriate." *Id.* at 9. This court then stated:

> Louisiana Revised Statutes 15:529.1(A)(4)(b) provides "the person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than

his natural life." Therefore, we reverse Defendant's sentence and remand the case with the following instructions set forth in this decree.

**DECREE**

For the foregoing reasons, we vacate Defendant's sentence and remand this case to the trial court with instructions that it comply with the Habitual Offender Law or that it articulate specific reasons why a sentence below the mandatory minimum is constitutionally required.

*Id.*

At the resentencing hearing, the trial judge stated:

I thought I had articulated sufficient reasons for a departure. One of the considerations by this Court was the seriousness of the offense, and in the weapon that was allegedly used or that was used in the commission of this offense. However, the Third Circuit in its wisdom remanded -- vacated and remanded for re-sentencing seem [sic] to indicated [sic] that I should impose a sentence of no less than twenty (20) years, and for that reason, I'm going to sentence him to twenty (20) years with credit for time served.

The defendant argues that the trial judge's remarks at resentencing demonstrate that he misinterpreted this court's instructions for resentencing. The defendant asserts that, because of the trial judge's misinterpretation, this court should remand the matter with a clarification that allows the trial judge to impose a sentence below the mandatory minimum.

The state believes the trial judge correctly interpreted this court's opinion; thus, the matter should not be remanded.

We find the trial court incorrectly interpreted this court's opinion in *Cole*, __ So.3d __. In the opinion, this court did not order the trial judge to sentence the defendant to a minimum sentence of twenty years. This court quoted La.R.S. 15:529.1 and remanded the matter for resentencing, instructing the trial judge to articulate specific reasons why the mandatory minimum sentence of ninety-nine

3

years was not appropriate if a sentence that fell below that mandatory minimum was imposed.

The trial judge misinterpreted this court's prior ruling and again failed to sufficiently set forth specific reasons for its imposition of a sentence that fell below the mandatory minimum set forth in La.R.S. 15:529.1. For these reasons, the defendant's sentence is vacated and the matter remanded to the trial court for resentencing. If the trial court sentences the defendant to a sentence that is less than ninety-nine years, the trial judge must set forth specific reasons for imposition of said sentence.

## CONCLUSION

The defendant's sentence is vacated and the matter remanded to the trial court for resentencing.

## SENTENCE VACATED AND REMANDED.

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules−Courts of Appeal, Rule 2−16.3.